# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs September 17, 2013

## STATE OF TENNESSEE v. JAMES EARL EVANS

**Appeal from the Criminal Court of Davidson County**
**No. 2008-B-1235    Cheryl A. Blackburn, Judge**

---

**No. M2013-00724-CCA-R3-CD    Filed October 18, 2013**

---

James Earl Evans ("the Defendant") pleaded guilty to one count of sale of less than 0.5 grams of cocaine.  Pursuant to the plea agreement, the Defendant was sentenced to ten years' probation.  Upon the filing of a probation revocation warrant, the Defendant was taken into custody, and a revocation hearing was held.  At the conclusion of the hearing, the trial court revoked the Defendant's probation and ordered him to serve his original sentence of ten years' incarceration.  The Defendant has appealed the trial court's ruling, asserting that the trial court erred in sentencing him to his original sentence in confinement.  Upon a thorough review of the record, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Criminal Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

Ryan C. Caldwell, Nashville, Tennessee, for the appellant, James Earl Evans.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Senior Counsel; Victor S. (Torry) Johnson III, District Attorney General; and Jeff Burks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

On July 24, 2008, the Defendant pleaded guilty to one count of sale of less than 0.5 grams of cocaine. In accordance with the plea agreement, the Defendant received a sentence of ten years' probation. Less than a year later on June 29, 2009, the trial court found the Defendant guilty of a probation violation. The Defendant served some time and then was

placed on intensive probation.[1] He violated his probation again on October 1, 2010, which required more time in incarceration and then again was reinstated to probation. On December 6, 2011, another probation violation warrant was issued, alleging the following probation violations: that the Defendant left the Rescue Mission Program without informing his probation officer of his new place of residence; that the Defendant failed to follow the directive of his probation officer to remain in the Barnabas Program; that the Defendant tested positive for cocaine and subsequently admitted to using cocaine on December 1, 2011; and that the Defendant had not paid any of his fees to the Supervision and Criminal Injuries fund. The trial court held a probation revocation hearing on February 22, 2013.

The Defendant testified at the hearing that he was pulled over for failure to use a turn signal. After running a check on the Defendant's license and finding the probation violation warrant, the officer took the Defendant into custody. In January 2011, he had tested positive on a drug screen, so he joined the Barnabas Program, a seven-month drug treatment program. He graduated from the in-patient portion of the program on September 30, 2011, but decided not to do the "optional" "transitional living part of the program." The last time he reported to his probation officer was in December 2011.

The Defendant acknowledged that this hearing was the third time he had appeared in court for violating his probation. He explained that he did not need to go to prison because he wanted to complete his electrical apprenticeship. The Defendant had no explanation as to why he did not turn himself in at the completion of his second year of the three-year apprenticeship. His current employment paid him fourteen dollars per hour. On cross-examination, he acknowledged that he had other felony drug convictions on his record prior to the conviction in the present case. He confirmed that he had been placed on probation for a prior conviction and had violated that probation near the end of the term.

After considering the proof, the trial court stated,

[The Defendant] has a good job. I actually took that into account last time. And I understand that because it's hard as a convicted felon, especially when you've been convicted of some of the felonies that [the Defendant] has been convicted of to find a job. And to get the electrical situation was a very good thing for him. I made – I mean, I allowed him to be on – last time I put him on intensive probation to kind of get around some of these issues, but he just doesn't take advantage of the times that I've let him do this. I mean, you know, I don't want to send him to the Department of Corrections, but I'm

---

[1] Information regarding the Defendant's previous probation violations was provided by the trial court at the probation violation hearing regarding the present violation.

going to because I'm going to put the sentence into effect because that's what needs to happen under the circumstances of in [sic] case. Obviously the State has carried its burden of proof. Okay. Sentence into effect.

Accordingly, the trial court ordered the Defendant to serve his original sentence of ten years in confinement. The Defendant timely appealed.

## **Analysis**

The Defendant contends that the trial court erred in requiring that the Defendant serve his original sentence in incarceration. On appeal, we will not disturb the trial court's decision to revoke probation absent an abuse of discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001); see also State v. Reams, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). We will grant relief only when "'the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved.'" Shaffer, 45 S.W.3d at 555 (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

Tennessee Code Annotated section 40-35-311 provides that, in a probation revocation proceeding, the court "may enter judgment upon the question of the charges as the trial judge may deem right and proper under the evidence adduced before the trial judge." Tenn. Code Ann. § 40-35-311(d) (Supp. 2011). And,

> [i]f the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence, and:
>
> (A) Cause the defendant to commence the execution of the judgment as originally entered, or otherwise, in accordance with [section] 40-35-310; or
>
> (B) Resentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration authorized by chapter 36 of this title; provided, that the violation of probation and suspension is a technical one and does not involve the commission of a new offense.

Id. § 40-35-311(e)(1); see also State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999). Thus, the State only must prove that the defendant violated the terms of his or her probation by a preponderance of the evidence.

The Defendant concedes that he admitted to violating his probation at the revocation hearing. He asserts, however, that the trial court abused its discretion because its "imposition of a ten year prison sentence was excessive considering the fact that the [Defendant] committed no new criminal offenses during his latest supervision period." He continues, "Even though [the Defendant] was 'on the run' for a year, the [Defendant] was gainfully employed and had experienced the passing of his father, which clouded his judgment and resulted in this violation."

When a trial court revokes a defendant's probation, the court then may order the defendant to serve out his or her original sentence. See Tenn. Code Ann. §§ 40-35-310 (2010) and -311(e); State v. Taylor, 992 S.W.2d 941, 945 (Tenn. 1999). "This court has repeatedly cautioned that 'an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing.'" State v. Juan Manuel Coronado, II, No. E2010-01058-CCA-R3-CD, 2011 WL 704543, at *3 (Tenn. Crim. App. Mar. 1, 2011), perm. app. denied (Tenn. July 15, 2011) (quoting State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999)) (other citation omitted). The Defendant admitted at the revocation hearing that he had been in court on two other occasions for violating his probation. In those two instances, the trial court had given him the opportunity to avoid the reinstatement of his full sentence in confinement. The Defendant, however, again violated the terms of his probation. Thus, there was no error on the part of the trial court in requiring the Defendant to serve his original sentence of ten years' incarceration.

## **Conclusion**

The trial court did not err in revoking the Defendant's probation and ordering him to serve his sentence in confinement. Accordingly, the judgment of the trial court is affirmed.

_____
JEFFREY S. BIVINS, JUDGE

-4-